## The Jeffersonville, Madison and Indianapolis R. R. Co. v. Foster.

RAILROAD.—*Negligent Killing of Stock.*—*Contributory Negligence.*—*Degrees of Negligence.*—*Instruction.*—In an action against a railroad company, for the alleged negligent killing of stock belonging to the plaintiff, by the defendant's employees, the court instructed the jury, that, to constitute contributory negligence on the part of the plaintiff, in allowing said stock to run at large, he must have knowingly suffered his stock to *habitually* run at large in the immediate vicinity of the place where it was killed ; and that the plaintiff "can not recover, although he may have been guilty of *less* negligence" than the employees of the defendant. *Held*, that the instruction was erroneous.

From the Johnson Circuit Court.

*T. W. Woollen, G. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. P. Oyler, F. S. Staff* and *L. Short*, for appellee.

BIDDLE, J.—Action before a justice of the peace, by the appellee, against the appellant, for killing his mare and colt, by running a locomotive and train of cars against and over them upon the railroad track of the appellant. The case

was appealed from the judgment of the justice to the circuit court, wherein the complaint, consisting of two paragraphs, was amended, and a demurrer to each paragraph overruled, to which ruling exceptions were reserved.

Answer, trial by jury, verdict and judgment for the appellee.

A motion for a new trial and a bill of exceptions present the rulings of the court in giving and refusing to give instructions to the jury.

Over the objections and exceptions of the appellant, the court instructed the jury as follows:

" 3. If the plaintiff knowingly permitted his mare and colt to habitually run at large in the immediate vicinity of the place where they were killed, and where he knew that trains of cars were running daily, he was guilty of such negligence as would prevent his recovery on the first paragraph of the complaint. It is not a question which was the more negligent; if the company's servants ran their train in a careless and negligent manner, and the defendant did an act which contributed to the injury, such as knowingly suffering his stock to habitually run at large in the immediate vicinity of the place where they were killed, he can not recover, although he may have been guilty of less negligence than the company's servants."

This instruction is wrong. It was applied to a paragraph of the complaint, which charged the killing by negligence, and the question under that paragraph was one solely of negligence. The instruction tells the jury, that, to constitute negligence on the part of the appellee, and prevent his recovery, he must have " knowingly suffered his stock to habitually run at large in the immediate vicinity where they were killed." The appellee might have been habitually negligent, but not negligent at the given time; if so, he might recover. Or he might not have been habitually negligent, yet negligent at the given time; if so,

and his negligence materially contributed to the injury, he could not recover.

: The instruction also tells the jury, that the appellee " can not recover, although he may have been guilty of less negligence than the company's servants." This implies that he may be guilty of some negligence and still recover. Negligence on the part of the appellee need not to have been habitual, nor need it have any degree of comparison with the negligence of the appellant, to prevent his recovery. If he was guilty of any act of negligence, in any degree, which materially contributed to the injury complained of, he can not recover, although his negligence was less in degree than the negligence of the appellant, which caused the injury.

: The judgment is reversed, at the costs of the appellee ; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.